STOKER, Judge.
This is a tort suit based on alleged negligent conduct on the part of a real estate appraiser in overvaluing property appraised.
Bank of Iberia made a loan to Allen and Carolyn Romero secured by a mortgage on property appraised by Bronco Realty (Bronco). The appraisal had been obtained by the Romeros. The purchasers became bankrupt, and it was ultimately found that Bronco’s appraisal was far above that made by other independent appraisers. The bank sued Bronco, et al for damages caused by a negligent appraisal. The case against Bronco was dismissed when the trial judge sustained the defendants’ exception of prescription.
We affirm on different grounds. The petition and evidence disclose that the plaintiff bank has no cause of action against the defendants. Therefore, we do not reach the issue of prescription.
FACTS
Allen and Carolyn Romero applied to the Bank of Iberia for a loan in July of 1980. The financial statement which the Romeros filled out included real estate owned by the applicants. The bank approved the loan based on information given by the Romeros but subject to certain conditions. One of the conditions was that the Romeros have the real estate appraised. The Romeros had Bronco make the appraisal though they did not reveal its purpose to Bronco.
The Romeros presented the appraisal to the bank and the bank granted the loan secured by a mortgage on the property. In January of 1982, the Romeros defaulted on the loan. On February 22, 1982, they filed for bankruptcy. The Bankruptcy Court mailed proof of claim forms to the creditors along with an Order for Meeting of Creditors and Allied Matters. The Order set the meeting for March 11, 1982, and fixed the last day for filing objections to discharge in bankruptcy of the Romeros for April 23, 1982. It also ordered and gave notice that the trustee was empowered to abandon, sell, or lease assets of the estate and that he would announce what action he planned to take and which assets would be affected, at the creditor’s meeting. Any objections to the trustee’s planned action were to be filed within ten days after the meeting. The order also set April 26, 1982 as the date of the Romeros’ discharge hearing. Bank of Iberia responded to the notice sent out by the Bankruptcy Court and its proof of claim was filed with the court on March 4, 1982.
When the bank received the bankruptcy notice, in March 1982, it sent one of its employees, Mr. Weber, out to inspect the property. Though not an appraiser, Mr. Weber had a great deal of experience in dealing with bankruptcies. He reported to the bank that he thought the property was only worth $35,000 to $40,000. This was reported to the bank loan committee within *294 a week or so. The bank made no objections to the discharge in bankruptcy of the Romeros and made no appearance at the creditor’s meeting. On April 26, 1982, by order of the Bankruptcy Judge, the Rome-ros were discharged.
For about a year the bank made efforts, only by phone, to reach the Bankruptcy Court in order to get the property released for sale. On March 1, 1983, it hired an attorney who got the property released within three weeks, and on March 21, 1983 the bank purchased the property for $35,-000, plus an administrative fee of $1,450. This suit against Bronco was instituted on September 9, 1983. H. Lynn Breaux was later added as a defendant on the basis of allegations that he was the individual who made the appraisal.
A peremptory exception of prescription was filed which was sustained by the trial court.[1] Accordingly, the suit was dismissed. Plaintiff appeals.
NO CAUSE OF ACTION
LSA-C.C.P. art. 927 provides in pertinent part:
“The nonjoinder of an indispensable party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.”
In addition, LSA-C.C.P. art. 2164 provides in pertinent part:
“The appellate court shall render any judgment which is just, legal and proper upon the record on appeal.”
It is clear from the record that Bank of Iberia simply does not have a cause of action against Bronco or Breaux. Bank of Iberia was not willing to hire an appraiser before making a decision to grant a loan. Instead it decided to rely on the word of its applicants as to the value of the property. Bronco made the appraisal solely for the Romeros. It appears from the record that the applicants mislead the appraiser concerning the extent of the property to be appraised and, in addition, never told the appraiser that it would be given to a bank to support an application for a loan. Since we find there is no relationship between Bank of Iberia and Bronco, it follows there can be no cause of action.
A like result would be reached by using the duty risk analysis. An examination of the relationship or lack of a relationship between Bronco and Bank of Iberia indicates that Bronco owed no duty to the bank in this instance. Using duty risk language, it can be said that this risk was not within the ambit of any duty Bronco owed in performing its engagement in favor of the Romeros. The same, of course, applies to Breaux.
In view of our conclusion, we do not reach the prescription question.
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.

. The peremptory exception of prescription was filed October 13, 1983 on behalf of Bronco Realty, Inc. only. H. Lynn Breaux was not joined as a defendant until plaintiff filed a supplemental and amending petition for that purpose on December 5, 1983. Insofar as we can tell from the record, no exception was ever filed on behalf of H. Lynn Breaux. Nevertheless, the judgment of dismissal based on the trial court’s sustaining of the exception of prescription filed by Bronco specifically dismisses the case against both Bronco and Breaux. Inasmuch as we find no cause of action against either defendant, any pleading deficiency is of no consequence.